IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51068
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LLOYD C. WALKER,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-93-CA-187-HG
- - - - - - - - - -
August 27, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Lloyd Walker appeals the district court's dismissal of his 28 U.S.C. § 2255 motion.[2] Walker argues that, because his trial counsel had been hired by a third party who was a member of the same conspiracy, his attorney had conflict of interest which prevented him from initiating plea negotiations for Walker. He further argues that his attorney was ineffective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Because Walker filed his § 2255 motion prior to the effective date (April 22, 1997) of the Antiterrorism and Effective Death Penalty Act, he is not required to obtain a certificate of appealability to appeal the district court's judgment. See United States v. Cervantes, 132 F.3d 1106 (5th Cir. 1998).

for failing to allow Walker to fully review the presentence report (PSR) prior to sentencing.

Walker's counsel did not represent multiple defendants, and we thus review Walker's argument as an ineffective-assistance-of-counsel claim under Strickland v. Washington, 466 U.S. 668, 687 (1984), and not under the less onerous standard in Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Walker fails to show that he wanted to seek a plea agreement, that he would have obtained an offer for a plea agreement had his attorney sought one, or that he would have accepted such an offer if one had been made. He thus fails to show that his attorney's performance was deficient or that he was prejudiced by his alleged attorney's error. See Strickland, 466 U.S. at 694.

The information in the PSR was materially correct, and Walker fails to show that, had he fully reviewed the PSR, he would have received a significantly less harsh sentence. See Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993). Walker has thus failed to establish that he was prejudiced by his alleged attorney's error of not allowing Walker to fully review the PSR.

The district court's judgment is AFFIRMED.